## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 11-254(4) ADM/SER
Civil No. 16-2131 ADM

Antonyo Dewayne Johnson,

      Defendant.

---

Katharine T. Buzicky, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Antonyo Dewayne Johnson, pro se.

---

## I. INTRODUCTION

On June 24, 2016, Defendant Antonyo Dewayne Johnson (the "Defendant")[1] filed a Motion to Vacate under 28 U.S.C. § 2255 [Criminal Docket No. 195].[2] Defendant argues that his conviction for Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) must be vacated in light of Johnson v. United States, 135 S.Ct. 2551 (2015), the case that invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the reasons set forth below, Defendant's motion is denied.

## II. BACKGROUND

On July 26, 2012, Defendant pled guilty to Conspiracy to Interfere with Commerce by Robbery - "Hobbs Act," in violation of 18 U.S.C. § 1951(a), and Possession of a Firearm in

---

[1] To avoid confusion with the Johnson decision, Antonyo Johnson will be referred to as "Defendant" rather than by his last name, this Court's usual practice.

[2] All docket citations are to the Criminal Docket.

Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 2 and 924(c).  See Superseding Indictment [Docket No. 62]; Min. Entry, July 26, 2012 [Docket No. 130].  The minimum term of imprisonment for violating § 924(c) is 84 months consecutive to any other term of imprisonment.  On December 13, 2012, Defendant was sentenced to 147 months imprisonment, consisting of 63 months for the conspiracy conviction and a consecutive 84 month term for the firearm conviction.  See Sentencing J. [Docket No. 172] at 2.  Defendant did not appeal his sentence.

Defendant now argues that after Johnson, his underlying offense for the § 924(c) conviction fails to qualify as a "crime of violence" and, therefore, his conviction under § 924(c) is void.

### III.  DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Section 2255 includes a one-year limitation provision, which states:

The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to

making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant's conviction became final on December 28, 2012. Clearly, Defendant's § 2255 motion filed in 2016 is untimely under § 2255(f)(1). Defendant, however, argues that his motion is timely under § 2255(f)(3) because of Johnson, which was decided on June 26, 2015 and made retroactive by Welch v. United States, 136 S. Ct. 1257 (2016). Johnson invalidated the "residual clause" in § 924(e)(1) because that clause "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." Johnson, 135 S. Ct. at 2557. Thus, if Johnson is applicable, then Defendant's motion, filed on June 24, 2016, is timely under § 2255(f)(3).

The Government contends that Johnson, which addressed the residual clause in § 924(e)(1), does not impact the residual clause of § 924(c), the statute under which the Defendant was convicted. Section 924(c)(1)(A) provides specified mandatory minimum sentences for persons convicted of a "crime of violence" who use or carry a firearm in furtherance of that crime. A "crime of violence" is defined as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In this case, the "crime of violence" that triggered § 924(c)(1)(A) was

3

Defendant's conviction for Conspiracy to Interfere with Commerce by Robbery, which was adjudged to be a "crime of violence" under § 924(c)(3)(B). The portion of § 924(e)(1) invalidated by Johnson defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). That language resembles § 924(c)(3)(B).

The Eighth Circuit recently joined the Second and Sixth Circuits in holding that Johnson's void-for-vagueness holding does not extend to § 924(c)(3)(B). United States v. Prickett, No. 15-3486, 2016 WL 5799691, at *1, 2 (8th Cir. Oct. 5, 2016). Prickett offered four reasons why § 924(c)(3)(B) withstands scrutiny in light of Johnson: 1) the statutory language of § 924(c)(3)(B) is distinctly narrower than the residual clause of § 924(e)(1); 2) the residual clause in § 924(e)(1) was linked by "a confusing set of examples"—burglary, arson, extortion, and crimes involving the use of explosives—that made coherent application difficult; 3) the void-for-vagueness conclusion of Johnson was reached after nine years of struggling to apply a coherent interpretation of the clause; and 4) Johnson was clearly limited to a particular set of circumstances, and only some of those circumstances apply to § 924(c)(3)(B). Id. at *2, 3.

Prickett disposes of Defendant's contention that § 924(c)(3)(B) is invalid in light of Johnson.[3] Accordingly, Defendant's Motion is untimely.[4]

---

[3] Defendant spends considerable time arguing that his conspiracy conviction cannot satisfy the "force clause" of § 924(c)(3)(A), responding to the Government's contention that the conviction does meet the "elements" test of § 924(c)(3)(A). In light of Prickett and its holding that Johnson left undisturbed § 924(c)(3)(B), further discussion of § 924(c)(3)(A) is omitted.

[4] Defendant argues that even if Johnson is inapplicable, under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), his Motion should be considered timely because he is actually innocent of the § 924(c) conviction. Defendant's argument relies on the foundation that the conspiracy conviction does not satisfy § 924(c)(3)(A). Because Defendant's conspiracy conviction falls under the valid residual clause of § 924(c)(3)(B), this argument lacks merit.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Defendant's Petition would be debatable among reasonable jurists.  Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Antonyo Dewayne Johnson's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 195] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 21, 2016.